IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TABITHA PHIPPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02101-STA-cgc |
| ) | |
| ACCREDO HEALTH GROUP, INC.; ) | |
| EXPRESS SCRIPTS ADMIN., LLC a/k/a ) | |
| EXPRESS SCRIPTS, ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS AND SUPPLEMENTAL MOTION FOR SANCTIONS

Before the Court are Plaintiff Tabitha Phipps's Emergency Motion for Sanctions (ECF No. 113) filed on July 12, 2016, and Supplemental Motion for Sanctions (ECF No. 158) filed on November 21, 2016. Defendant Accredo Health Group, Inc. has responded in opposition to both Motions.[1] Plaintiff has filed a reply in support of both Motions, and Defendant has filed a sur-reply in opposition to the Supplemental Motion for Sanctions. For the reasons set forth below, Plaintiff's Motions are **GRANTED in part, DENIED in part**.

### BACKGROUND

Plaintiff's Amended Complaint (ECF No. 28) alleges claims against Defendants for violations of the Family Medical Leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"), among other claims arising out of Plaintiff's former employment with Defendant. On

---

[1] Defendant filed a Motion for Leave to Exceed the Page Limit (ECF No. 166) in her response brief. Although Defendant's certificate of consultation states that Plaintiff opposed the relief, Plaintiff did not file a written response in opposition. Defendant's Motion is **GRANTED**.

1

June 20, 2016, the Court entered an order granting Defendant's motion for summary judgment on all of Plaintiff's claims except for her FMLA claims. At that time, the case was set for trial on July 18, 2016. At the pretrial conference on July 7, 2016, Plaintiff reported that Defendant had produced a number of relevant emails the evening before the conference. The Court advised Plaintiff to file an appropriate motion, and Plaintiff's Emergency Motion for Sanctions followed. Plaintiff' Emergency Motion argued that Defendant failed to comply with its discovery obligations under the Federal Rules of Civil Procedure. As a sanction, Plaintiff requested entry of default judgment against Defendant on her claims for FMLA retaliation and interference as well as a claim the Court had dismissed at summary judgment, the FLSA retaliation claim. In the alternative, Plaintiff requested a continuance of the trial, a re-opening of discovery, a setting aside of the Court's summary judgment ruling on the FLSA claim, and an award of attorney's fees and expenses incurred in the extended discovery period.

Following a hearing on Plaintiff's motion, the Court continued the trial and granted Plaintiff's request to re-open discovery for the limited purpose of exploring the late disclosure of the evidence on July 6, 2016, and any relevance the new evidence might have to Plaintiff's claims for relief. The Court entered a revised schedule, gave Plaintiff until October 24, 2016, to file a supplemental brief in opposition to Defendant's motion for summary judgment, and reset the trial for March 6, 2017. The Court reserved its ruling on any additional sanctions at that time. Under the new schedule, the parties had until October 10, 2016 to complete additional discovery. At the conclusion of the extended discovery period, the parties filed supplemental

briefs on Plaintiff's FLSA claim (ECF Nos. 156, 157, 160, 161),[2] and Plaintiff filed her Supplemental Motion for Sanctions.

Plaintiff's Supplemental Motion for Sanctions renews her request for entry of default judgment against Defendant. For support Plaintiff argues that new discovery shows Defendant spoliated electronically-stored information. According to Plaintiff, Defendant failed to take reasonable steps to preserve relevant emails, specifically the emails of a former HR employee Cynthia Thompson, by placing an appropriate litigation hold. Plaintiff argues that Defendant had the ability to comply with its discovery obligations but failed to do so. Plaintiff further argues that all of the other factors weigh in favor of the sanction of default judgment.

In its response brief, Defendant reports that "it was discovered on December 1, 2016 that Ms. Thompson's emails still exist."[3] Defendant's general procedures for the storage and preservation of employee email include deleting emails stored in an "Enterprise Vault" after a period of 6 months. Defendant discovered, however, "that, to some extent and at some point in time, its normal practice of automatically deleting emails held in storage in its 'Enterprise Vault' after a six-month period had been discontinued due to another litigation matter."[4] In short, the emails still exist. Defendant explains that counsel with the assistance of a third-party vendor searched Thompson's emails and produced 94 relevant emails and attachments that had not been previously produced in discovery. Plaintiff received these emails on December 19, 2016. Defendant argues that Plaintiff has not shown then that Defendant spoliated the emails. Defendant also states that it still has possession of emails sent and received by Plaintiff herself

---

[2] Plaintiff also filed a Motion to Exclude the Declaration of Cynthia Thompson (ECF No. 165), which Defendant had attached to its supplemental brief on the FLSA claim (ECF No. 160-4).

[3] Def.'s Resp. in Opp'n 4 (ECF No. 168).

[4] *Id.*

3

and another individual previously identified in discovery Jim Zaitz. Defendant argues that production of these emails would not be proportional to the needs of the case.

In her reply brief, Plaintiff states that the late production of the Thompson emails materially changes the facts of the case. Plaintiff believes that the emails now show that Defendant was considering discipline against Plaintiff short of termination. Plaintiff contends that counsel for Defendant had a non-delegable duty to determine whether the emails existed. The late discovery of the Thompson emails and other emails is at odds with Defendant's previous discovery responses and the testimony of Defendant's Rule 30(b)(6) representative. And even if Defendant did not take appropriate steps to locate the emails during the regular discovery period, Defendant certainly had a duty to find the emails once Defendant realized in July 2016 that it had not produced all relevant discovery to Plaintiff. Plaintiff argues that under the circumstances default judgment continues to be the most appropriate sanction. If the Court declines to enter default judgment against Defendant, Plaintiff requests that the Court re-open discovery yet again and allow Plaintiff to file another brief in support of her FLSA claim.

Defendant has filed a sur-reply, arguing that Plaintiff has not carried her burden to show why sanctions are appropriate under Federal Rule of Civil Procedure 37. Defendant maintains that it "has, in fact, complied with its discovery obligations under the federal rules" by "*timely* supplementing its disclosures in July 2016 and December 2016."[5] Defendant further maintains that its December 2016 disclosures complied with Local Rule 26.1(d), which allows parties to make supplemental disclosures up to 30 days before trial. Defendant disclosed the documents as soon as counsel learned about their existence. Defendant explains that a paralegal in Defendant's in-house legal department was not previously aware that Defendant's normal email

---

[5] Def.'s Sur-Reply 2 (ECF No. 177) (emphasis in original).

retention policy was not in effect due to a litigation hold in another matter. Plaintiff has failed to show then that Defendant acted in bad faith, a prerequisite to the imposition of sanctions. Defendant also restates its position that review and production of the thousands of emails associated with Plaintiff's former email account and the account of Jim Zaitz should not be required because the discovery is not proportional to the needs of the case.

## STANDARD OF REVIEW

The Court has the inherent authority to dismiss a party's claims or enter default judgment against a party as a sanction for discovery abuse but only "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" or "when the conduct is tantamount to bad faith."[6] The Federal Rules of Civil Procedure grant the Court similar authority to impose appropriate sanctions, including entry of default judgment, for a party's violations of its disclosure and discovery obligations under the rules. Pursuant to Rule 37(b), the sanction of default judgment is appropriate only on the consideration of four factors, including the party's culpable conduct.[7] The Sixth Circuit has commented that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."[8] Even so, it is not an abuse of discretion for a district court to enter default judgment where a "party has the ability to comply

---

[6] *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).

[7] *See Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). The Court's authority to dismiss an action for discovery misconduct derives from more than one rule, including Rules 37(c) and (d) as well as Rule 16(f). Each of these paragraphs refer back to Rule 37(b) and authorize the discovery sanctions listed in Rule 37(b)(2)(A). *See* Fed. R. Civ. P. 37(c) (granting discretion to impose any sanction listed in Rule 37(b)(2)(A)(i)-(vi)); Rule 37(d)(3) (same); Rule 16(f) (same).

[8] *Stooksbury v. Ross*, 528 F. App'x 547, 552 (6th Cir. 2013) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir. 1983)).

with a discovery order and does not."[9] In the final analysis, "[e]ntry of a default judgment against a party for failure to cooperate in discovery is a sanction of last resort, and may not be imposed unless noncompliance was due to willfulness, bad faith, or fault."[10]

## ANALYSIS

**I. Default Judgment**

The issue presented is whether the sanction of default judgment is merited for Defendant's failure to disclose discoverable emails in a timely manner. The Court's Rule 16(b) case management order, as amended (ECF No. 51), set March 2, 2016, as the deadline for completing all discovery and April 26, 2016, as the deadline for supplementation under Rule 26(a)(2). Despite the April 2016 deadline for supplementing discovery responses, Defendant disclosed a small number of emails associated with the email account of Jodi Bruhn in July 2016, over two months after the deadline passed, long after the parties had fully briefed a motion for summary judgment, and just two weeks before the trial. Defendant now claims that its failure to produce the emails was inadvertent. According to an affidavit from Cynthia Foster, a senior paralegal employed by Express Scripts, Inc. (ECF No. 168-2), Foster collected electronically stored communications relevant to Plaintiff's claims in May 2014. Presumably among the documents collected at that time were the Bruhn emails, although Foster's affidavit does not actually make this specific claim. Foster avers that she learned that the Bruhn emails had not been produced during discovery for the first time on July 6, 2016.

Defendant has since disclosed many more emails, this time associated with the account of

---

[9] *Id.*

[10] *Thurmond v. Cnty. of Wayne*, 447 F. App'x 643, 647 (6th Cir. 2011) (quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)) (internal quotations omitted).

6

a former employee Cynthia Thompson. In the aftermath of the late disclosure of the Bruhn emails, the Court allowed Plaintiff to re-open discovery as to the Bruhn emails and the circumstances surrounding their late disclosure. Not only were the Thompson emails outside of the limited scope of the extended discovery period, but Defendant produced the emails for the first time on December 19, 2016, more than two months after the extended discovery period had closed. Concerning the late production of the Thompson emails, Foster states in her affidavit that she "recently became aware that Express Scripts' standard practice of automatically purging emails from its Enterprise Vault storage system, after six months, had been discontinued as a result of another litigation matter."[11] Foster states that she learned on December 1, 2016, that Cynthia Thompson's emails were stored on the company's Enterprise Vault system. The Court would add that Defendant discovered emails associated with Plaintiff's former Accredo account at the same time it discovered the Thompson emails, though Defendant has yet to produce Plaintiff's emails.[12]

The Court finds that Defendant's conduct raises a number of serious concerns. First, Defendant has not shown good cause for its failure to comply with the Court's deadline for supplementing discovery responses. The Court ordered the parties to supplement all discovery responses under Rule 26(e)(2) by April 26, 2016. Defendant's disclosures of the Bruhn emails and Thompson emails occurred far outside of this deadline.[13] Rule 37(c)(1) allows the Court to

---

[11] Foster Aff. ¶ 11 (ECF No. 168-2).

[12] Defendant does argue that production of the emails would not be proportionate to the needs of the case. On February 3, 2017, Plaintiff filed a motion to compel (ECF No. 179) the production of these emails as well as the emails of another former employee Jim Zaitz.

[13] Defendant argues that its disclosure of the Thompson emails in December 2016 was timely under Local Rule 26.1(d), which allows supplementation of discovery responses up to 30 days before trial. This argument is hardly convincing. The only reason the trial was reset to

7

impose sanctions for a failure to supplement, and Rule 16(f) permits the Court to sanction a party for failure to comply with a scheduling order deadline.[14] In addition to Defendant's ongoing to duty to supplement discovery responses, counsel for Defendant signed Defendant's discovery responses, certifying that they were complete and correct. Federal Rule of Civil Procedure 26(g) requires that an attorney of record sign each discovery response, certifying that "to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that a disclosure "is complete and correct as of the time it is made."[15] Counsel and counsel alone had at all times an affirmative, non-delegable duty to conduct a reasonable inquiry to ensure that Defendant's discovery responses were complete and correct. Nothing in Defendant's submissions explains what steps counsel took to comply with their obligations under Rule 26(g)(1), particularly in light of the fact that all of materials in Defendant's late disclosures were in its possession throughout the discovery process. For all of these reasons, the Court concludes that Defendant failed to meet its discovery obligations.

Having established that some discovery failure occurred, the next question for the Court is whether the conduct of Defendant and its attorneys warrants the sanction of default judgment.

---

March 2017 in the first place was Defendant's failure to make timely disclosure of the Bruhn emails. This simply underscores the obvious problem in this case: Defendant has been in possession of relevant evidence since the outset of the case and failed to produce it within the deadlines set by the Court.

[14] Fed. R. Civ. P. 16(f) (allowing a court to issue any just order, including sanctions, for a party's failure to "obey a scheduling or other pretrial order"); *Luty v. City of Saginaw*, No. 07-2035, 2009 WL 331621, at *4 (6th Cir. Feb. 10, 2009) (finding that a party's failure to disclose a witness within the district court's deadline for completing discovery was sanctionable under Rule 16(f)).

[15] Fed. R. Civ. P. 26(g)(1); see also *John B. v. Goetz*, 879 F. Supp. 2d 787, 868 (M.D. Tenn. 2010) ("Once on notice [that evidence is relevant], the obligation to preserve evidence runs first to counsel, who then has a duty to advise and explain to the client its obligations to retain pertinent documents that may be relevant to the litigation.") (citations omitted).

8

The Sixth Circuit considers the following factors to determine whether sanctions are appropriate: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered.[16] As the party seeking to avoid dismissal under Rule 37(b)(2), Defendant bears the burden to show that its failure to comply with the rules "was due to inability, not willfulness or bad faith."[17]

As to the first factor, the Court finds that Defendant has satisfied its burden and that Defendant's conduct does not warrant the extreme sanction of default judgment. Willfulness or bad faith "requires a clear record of delay or contumacious conduct."[18] Contumacious conduct means "behavior that is perverse in resisting authority and stubbornly disobedient."[19] The Court has no basis to conclude from the record currently before it that Defendant "display[ed] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [its] conduct on those proceedings."[20] The Court must emphasize that Defendant has not shown an inability to produce the emails in the course of the regular discovery period. Defendant essentially claims that its failure was the result of innocent oversight. The Sixth Circuit has addressed human error, specifically "the excuse of bad memory," as a reason for a party's inability to comply with

---

[16] *Peltz v. Moretti*, 292 F. App'x 475, 479 (6th Cir. 2008).

[17] *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002).

[18] *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)).

[19] *Id.* at 704—05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).

[20] *Id.* at 705 (quoting *Tung–Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

discovery orders and observed as follows in the context of Rule 37(b)(2) sanctions:

> While it is true that one is not obligated to provide perfect responses to discovery requests, and that district courts must make room for some lapses of memory, plaintiffs must do as much as they can, and certainly more than they did here, to provide defendants with all relevant discoverable information.[21]

The Sixth Circuit's dicta aptly describes the situation the Court now confronts. While Defendant's late disclosures are by no means excusable, Defendant's failure to produce the Bruhn emails and Thompson emails within the deadline for supplementation was apparently a matter of negligence, and not willfulness or bad faith. The Court concludes then that while the first factor weighs in favor of some sanction, it weighs against the sanction of default judgment.

The second factor, prejudice to Plaintiff, weighs strongly in favor of sanctions. Defendant's late production of the Bruhn emails and the Thompson emails has caused Plaintiff to suffer prejudice. A party suffers prejudice due to the opposing party's conduct if the party is "required to waste time, money, and effort in pursuit of cooperation which [the opposing party] was legally obligated to provide."[22] Plaintiff was forced to file an Emergency Motion for Sanctions on the eve of the July 2016 trial date because of the late production of the Bruhn emails. Defendant's failure to produce the Bruhn emails necessitated additional discovery about the substance of the emails as well as the circumstances of their late production, all of which caused Plaintiff to engage in more discovery at additional expense. Defendant's omissions further caused the parties to re-brief some of the issues presented in Defendant's motion for summary judgment, a motion the Court had already decided. The Court also had to continue the July 2016 trial to March 2017. The Court finds that under the circumstances Plaintiff was

---

[21] *Bryant v. U.S., ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 210–11 (6th Cir. 2006).

[22] *Carpenter*, 723 F.3d at 707 (*Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997)).

"required to waste time, money, and effort in pursuit of cooperation" Defendant owed Plaintiff during the regular course of discovery. Obviously, Defendant's late production of the Thompson emails only compounds the prejudice Plaintiff has suffered as a result of Defendant's discovery failures. Based on the recent disclosure of the Thompson emails, the Court has continued the March 2017 trial setting, further delaying the resolution of a case that by all rights should have concluded before now. For these reasons, the Court finds that the prejudice suffered by Plaintiff weighs in favor of sanctions.

The remaining factors, however, do not weigh in favor of the sanction of default judgment. The Court has not previously sanctioned Defendant or counsel for discovery violations and has not warned Defendant that a failure to cooperate in discovery could lead to the sanction of default judgment. The Court concludes then that the sanction of default judgment is not warranted under all of the circumstances. Therefore, Plaintiff's Motions are **DENIED** to the extent that she requests default judgment as a sanction for Defendant's late discovery responses.

## II. Alternative Sanctions

Plaintiff has moved in the alternative for other forms of relief as sanctions for Defendant's late production of evidence: a second re-opening of discovery, another round of briefing on the FLSA issue, and an award of attorney's fees and expenses related to the preparation and filing of Plaintiff's Motions for Sanctions, the additional discovery necessitated by Defendant's late disclosures, and the supplemental summary judgment briefing. The Court finds that Plaintiff's requests for alternative relief are well taken. The Court will re-open the discovery period to allow the parties to conduct appropriate discovery on the Thompson emails and any other evidence that Defendant has not previously produced in discovery.[23] The Court

---

[23] The Court makes no findings about the merits of Plaintiff's recently filed motion to

will also allow the parties to file additional briefs on the issues presented in Defendant's motion for summary judgment. Within 14 days of the entry of this order, counsel should confer and submit a proposed amended schedule with appropriate deadlines to complete discovery and file additional summary judgment briefs.

The Court likewise grants Plaintiff's request for an award of attorney's fees. Under Federal Rule of Civil Procedure 37(c)(1), an award of attorney's fees and other reasonable expenses is permitted for a party's failure to supplement, and other discovery provisions of the Federal Rules of Civil Procedure provide for a mandatory award of attorney's fees and reasonable expenses against a party and/or its attorneys as a sanction for discovery abuse unless the party had "substantial justification" for its failure to comply with the Rules.[24] For the reasons already discussed, the Court finds that Defendant has not shown substantial justification for its failure to supplement its discovery responses within the deadlines set by the Court. The Court further finds that Defendant's discovery failures caused Plaintiff to incur expenses, including attorney's fees, associated with her two Motions for Sanctions. Therefore, counsel for Plaintiff is ordered to file within 21 days of the entry of this order a fee petition with proper supporting materials to document counsel's time spent on preparing and briefing the sanctions motions. Plaintiff's submission should also address whether the Court should award Plaintiff her reasonable expenses and attorney's fees against Defendant, counsel for Defendant, or both. Defendant will have 21 days from the service of Plaintiff's fee petition in which to file any

---

compel.

[24] Fed. R. Civ. P. 16(f) (mandating an award of reasonable expenses including attorney's fees for a party's failure to obey a scheduling order "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust"); Fed. R. Civ. P. 26(g)(3) (mandating an award of reasonable expenses, including attorney's fees, against counsel or its attorney for making an improper certification in a discovery response "without substantial justification").
12

objections to Plaintiff's filing.

The Court reserves its ruling on any award of expenses and attorney's fees to which Plaintiff might be entitled for the first re-opened discovery period or her first supplemental summary judgment brief. Likewise, the Court reserves its ruling on any award of expenses and attorney's fees which Plaintiff might incur in the second re-opened discovery period and for any additional briefing she might file on Defendant's motion for summary judgment. The Court believes that it will be better situated to assess the necessity and reasonableness of any expenses and fees related to the two extensions of discovery and the supplemental rounds of summary judgment briefing only after the Court has considered the full merits of the supplemental summary judgment briefing.

## CONCLUSION

Plaintiff's Emergency Motion for Sanctions and Supplemental Motion for Sanctions are **GRANTED in part, DENIED in part**. The Court declines to enter default judgment against Defendant at this time. However, the Court expressly warns Defendant that any subsequent failure to abide by its discovery obligations under the Federal Rules of Civil Procedure will result in more severe sanctions, including default judgment.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 21, 2017.